■ In the Matter of PAMELA RINANDO, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Petition, transferred to this court pursuant to CPLR article 78 by order of the Supreme Court, New York County (Edith Miller, J.), entered on November 14, 1988, challenging a determination by respondents, dated March 11, 1988, which found petitioner guilty of two departmental charges for failing to safeguard her revolver and penalized her by, *inter alia,* ordering her forfeiture of pay and benefits for the three years she was suspended following the incident and by requiring a disciplinary probation period of 12 months upon her reinstatement to the police force, is unanimously denied, respondents' determination confirmed and the proceeding dismissed, without costs or disbursements.

Upon review of this record, we conclude that the Commissioner's findings are supported by substantial evidence and, therefore, should not be disturbed *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176).

The combined credited testimony of shooting victim Charles DeGaetano and that of Detective William Demma, which related that petitioner regularly left her off-duty revolver unattended atop her bedroom nightstand, and that DeGaetano on two occasions obtained possession of the weapon and

pointed it at petitioner, provided sufficient credible evidence to support the charges that petitioner twice failed to safeguard her weapon.

Finally, considering that petitioner's charged misconduct indirectly contributed to this shooting incident in which De-Gaetano was rendered a paraplegic, the penalty imposed against petitioner was not so disproportionate to the offense as to shock one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222, 234). Concur—Murphy, P. J., Kupferman, Ross, Asch and Rubin, JJ.